IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARD SHARP, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1365 |
| | § | |
| SECRETARY OF VETERAN'S | § | |
| AFFAIRS, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is the latest in a series of lawsuits filed by *pro se* Plaintiff Leonard Sharp against the Secretary of the Department of Veteran's Affairs ("Secretary") and others regarding real property located at 11747 Murr Way in Houston, Texas (the "Murr Way Property"). The case is before the Court on Defendant's Motion to Dismiss [Doc. # 14], to which Plaintiff filed a response on January 26, 2007 [Doc. # 16] and a second response on February 14, 2007 [Doc. # 19]. Based on the Court's review of the record and the application of governing legal authorities, the Court **grants** Defendant's Motion to Dismiss.

**I.     FACTUAL AND PROCEDURAL HISTORY**

The Murr Way Property was previously owned by Plaintiff's now deceased mother, Alice F. Allen. She acquired the property in 1980 by an Assumption Warranty Deed from Hubert Sharp, who had purchased the property with a Veteran's Affairs

("VA") guaranteed loan. After Ms. Allen died in 2000, the Murr Way Property went into default. Plaintiff alleges that he is Ms. Allen's sole heir.

In December 2002, JP Morgan Chase Manhattan Bank ("Chase") acquired title to the property through a default judgment in connection with its action on the purchase money note that was in default. *See* Default Judgment, Exh. 6 to Motion to Dismiss. On September 15, 2005, Plaintiff filed a lawsuit against Chase challenging the validity of Chase's title to the Murr Way Property. *See* Civil Action No. H-05-3232. That lawsuit was dismissed on November 16, 2005. *See* Final Judgment [Doc. # 10 in 05-3232].

In January 2003, the Secretary acquired title to the Murr Way Property from Chase. On October 11, 2005, Plaintiff filed a lawsuit against the Secretary seeking to enjoin the sale of the Murr Way Property. *See* Civil Action No. H-05-3939. On January 3, 2006, Plaintiff filed a lawsuit against the Secretary alleging retaliatory eviction in connection with a Forcible Detainer Action filed against Plaintiff by the Secretary in Texas state court in an attempt to evict Plaintiff from the Murr Way Property. *See* Civil Action No. H-06-0073. That case was consolidated into the injunction lawsuit, Civil Action H-05-3939. *See* Order to Consolidate [Doc. # 6 in Civil Action No. 06-0073]. The consolidated cases were dismissed by Order [Doc.

# 11 in Civil Action No. 05-3939] and Final Judgment [Doc. # 12 in Civil Action No. 05-3939] because the property had been sold to a third party on May 6, 2005.

In the current lawsuit, Plaintiff alleges that the Secretary intentionally inflicted severe emotional distress by wrongfully obtaining title to the Murr Way Property. As a result of the alleged intentional infliction of emotional distress, Plaintiff seeks an award of $500,000.00, exemplary damages, and interest.

The Secretary moved to dismiss because Plaintiff failed to exhaust his administrative remedies before filing this tort claim against the Secretary. Plaintiff has responded twice to the Motion to Dismiss, which is now ripe for decision.

## II.  ANALYSIS

The Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, is a waiver of the federal government's sovereign immunity from suit for personal injury under certain circumstances. *See Bodin v. Vagshenian*, 462 F.3d 481, 492 (5th Cir. 2006). Section 2675 requires a potential plaintiff to present his claim first to the relevant federal agency.[1] *See* 28 U.S.C. § 2675; *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005). Compliance with the exhaustion requirement is a jurisdictional prerequisite to filing a

---

[1]  A claim of intentional infliction of emotional distress, if not based on an assault or battery, is a claim that falls within the FTCA and must be presented first to the agency. *See Izen*, 398 F.3d at 367.

lawsuit under the FTCA. *See Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994); *Seals v. United States*, 319 F. Supp. 2d 741, 743 (W.D. Tex. 2004).

In this case, it is undisputed that Plaintiff has not presented his intentional infliction of emotional distress claim to the Department of Veteran's Affairs. Accordingly, he has not exhausted his administrative remedies as required by the FTCA and the Secretary's Motion to Dismiss will be granted.

### III.  CONCLUSION AND ORDER

Plaintiff has failed to exhaust his administrative remedies as required by the FTCA. As a result, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 14] is **GRANTED**. The Court will issue a separate Final Dismissal Order.

SIGNED at Houston, Texas, this **22nd** day of **February, 2007**.

_____
Nancy F. Atlas
United States District Judge